ABNER LOWE, Tutor of Sylvaire Levasseur, a Minor, *v.* HENRIETTA ARMANT, Administratrix of the Succession of Mélice Anty, deceased.

Where one, as tutor of a minor, gives a receipt to the administrator of a succession, for a sum to which the minor was entitled as heir, for the purpose of accommodating a purchaser of real estate belonging to the succession, who is credited with the amount on his purchase, and the tutor afterwards takes, in his individual name, a mortgage on the premises to secure the amount due to his ward, with interest, he will be liable to the latter unconditionally. The transaction cannot be viewed as an investment of the funds of the minor. C. C. 341.

APPEAL from the Court of Probates of Natchitoches, *Greneaux*, J.

*Morse* and *Roysdon*, for the plaintiff.

*Pierson*, for the appellant.

MORPHY, J. This is an action brought by the tutor of Sylvaire Levasseur against the administratrix of the estate of Mélice Anty, the former tutor of said minor, for a settlement and rendition of his accounts. The petitioner alleges that his ward, together with Felicité Aimé Levasseur, wife of E. H. Rachal, and Olivier Rachal, were the only heirs of the late Pedro C. Levasseur; that the portion coming to the minors amounted to about $7962 62, the greatest portion of which sum was received by the said Mélice Anty, in his lifetime, as tutor of Sylvaire Levasseur, and is in the hands of the defendant, but for which she refuses to account. The administratrix avers that the estate of Pedro C. Levasseur, in which the minor, Sylvaire Levasseur, had an inheritable portion, was administered by J. B. Trezzini, and was never in the possession, or under the administration of her deceased husband, and that, as tutor of said minor, he never received any money, or property from the succession of Pedro C. Levasseur, except in the following manner, to wit: That on the 10th of November, 1842, the deceased, as tutor, receipted to J. B. Trezzini, administrator of Pedro Levasseur's succession, for the sum of $6000, on the share of the minor, which was to be considered as paid to him, one half on the first of May, 1843, and the other half on the first of May, 1844; that at the probate sale of the succession of Pedro Levasseur, made on the 4th of January, 1842, E. H. Rachal purchased a tract of land on Red River, for the sum of $9950, one half payable on the 1st of May, 1843, and one half on the 1st of May, 1844; that no notes, with security, were taken by the administrator, who only retained a mortgage on the land according to the terms of the adjudication, and that Rachal was credited on the purchase money with the $6000, for which Mélice Anty had executed his receipt to Trezzini; that Rachal paid no part of the $6000 to the deceased, but, in consideration of said receipt, mortgaged the tract of land he had bought to the deceased, as tutor, to secure to him, in his said capacity, the payment of the $6000, one half on the 1st of

May, 1843, and one half on the 1st of May, 1844, with ten per cent interest per annum, thereon. The defendant avers that the land is, and was, at the time of said receipt and mortgage from Rachal to the deceased, fully sufficient to meet the payment of the $6000, and that the interests of the minor have not been prejudiced by the transaction; that the mortgage and evidence of indebtedness on the part of Rachal to the deceased, still exist unpaid, and constitute the only things under the control of the deceased, or in his succession, to which the minor has any claim.

She avers her readiness to surrender to the petitioner all rights resulting from the same; denies that the succession of her husband owes, unconditionally, any sum of money to the minor, as none was ever received on his behalf. She further says, that no revenues were ever derived from any means of the minor in the hands of the deceased, unless it be the ten per cent interest due on the indebtedness of Rachal, which has not yet been collected. The defendant finally avers, that the minor is indebted to the deceased, as his tutor, in the sum of $666 for board, lodging, washing, clothing, &c., from the 1st of November, 1837, to the 1st of April, 1842, as set forth in an account annexed to her answer, which she prays may be homologated. There was a judgment below in favor of the plaintiff, for $6000, with five per cent interest on one half of said sum, from the 1st of May, 1843, and with like interest on the other half from the 1st of May, 1844, deducting ten per cent commissions on the revenues of the minors, and allowing $275 on the account of the defendant. From this judgment she appealed.

Our attention has been drawn by the appellant's counsel to two bills of exceptions, taken to the refusal of the judge below to admit two documents offered in evidence, on the ground of irrelevancy. As these documents have come up with the record, having been annexed to the bills of exception, we would not remand the case, even if we differed in opinion with the judge; but would proceed at once to examine the evidence, and give it the weight it might be entitled to.

One of these instruments is an act of mortgage, executed by E. H. Rachal, in favor of Mélice Anty, his heirs and assigns, in

which it is recited that, whereas the latter has given a receipt, as tutor of the minor, Sylvaire Levasseur, to J. B. Trezzini, for the sum of $6000, on account of the share of said minor in the succession of Pedro Levasseur, and whereas the said Mélice Anty has signed two notes of $1858 37 each, as surety of the appearer (E. H. Rachal) the mortgage is given to secure the payment of the $6000, with ten per cent interest to Mélice Anty, and to save him harmless, in case he should be bound for any part of the said two notes, &c. The judge below properly disregarded this evidence. It was not only irrelevant, but altogether inadmissible under the pleadings. It is not, as alleged in the answer, a mortgage executed to the deceased, in his capacity of tutor of the minor, Sylvaire Levasseur, but one personally given to him by Rachal. The evidence shows that the latter, having purchased at the probate sale of the succession of Pedro Levasseur, a plantation, for the sum of $9950, the deceased, to accommodate him, consented to receipt to Trezzini, for $6000 coming to his ward, became his surety for the balance of the purchase money, and received, in his own name, a mortgage on the land. This transaction was clearly one between the deceased, in his own right, and Rachal, and cannot possibly be viewed as an investment of the funds of the minor. Civil Code, art. 341. The estate of the deceased is undoubtedly liable for the amount he receipted for on behalf of his ward, and the debt cannot be discharged by a transfer of his claim against Rachal. The record of a suit of *Trezzini* v. *Rachal*, for the seizure and sale of the land mortgaged to the deceased, is the other piece of evidence rejected (and properly, we think), by the inferior judge, as irrelevant. If it proves any thing, it shows that the investment of the $6000, had it been made for the account of the minor, would have been an injudicious one, as the property, when sold under the minor's privilege, might not leave enough to pay the mortgagee.

*Judgment affirmed.*